IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WINSTON WILKINS,
        Petitioner,

vs.                                                        Case No. 5:13cv66/RS/CJK

UNITED STATES OF AMERICA,
        Respondent.

---

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) and petitioner's supporting memorandum (doc. 2). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Southern District of Florida ("Southern District") in *United States v. Wilkins*, Case Number 9:97cr8092. (Doc. 1, pp. 2, 3). In Case No. 9:97cr8092, petitioner was convicted of two counts of Distribution of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Wilkins*, Case Number

9:97cr8092, Judgment at Doc. 66). Petitioner was sentenced on January 23, 1998, to concurrent 360-month terms of imprisonment on each count. (Case No. 9:97cr8092, Doc. 66). Petitioner's convictions and sentences were affirmed on direct appeal on December 29, 1998. (Case No. 9:97cr8092, Doc. 76). Petitioner collaterally attacked his convictions and sentences under 28 U.S.C. § 2255. (Doc. 1, p. 5; *see also* Southern District Case No. 9:99cv9006, and Southern District Case No. 9:97cr8092, Doc. 80). The Southern District denied petitioner's § 2255 motion. (Case No. 9:99cv9006, Doc. 28). On November 29, 2001, the United States Court of Appeals for the Eleventh Circuit affirmed the denial of § 2255 relief. (Case No. 9:99cv90096, Doc. 34). Petitioner filed other motions in the Southern District challenging the validity of his convictions and sentences, but was unsuccessful. (*See* Case No. 9:97cr8092 and Case No. 9:99cv90096).

In this habeas action, petitioner challenges his 1998 convictions and sentences on the grounds that: (1) the sentencing court was without jurisdiction to impose sentence upon him pursuant to the Sentencing Reform act of 1984, (2) the Sentencing Reform Act is unconstitutional on its face, (3) the government did not have standing to indict or convict petitioner and (4) petitioner's trial counsel rendered ineffective assistance at sentencing. (Doc. 1, pp. 7-9). As relief, petitioner seeks: "Dismissal of Indictment and the Unconditional Release of the Petitioner from Imprisonment". (*Id.*, p. 9).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*,

643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence is obtained by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003). A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Once a petitioner has filed his initial § 2255 motion, he is barred from making a second or successive motion except in two carefully delineated circumstances, neither of which applies here. *See* 28 U.S.C. § 2255(h) (requiring the court of appeals to certify the existence of either newly discovered evidence or a new rule of retroactively applicable constitutional law before a petitioner can file a second or successive § 2255 petition). In addition, pursuant to § 2255(e), the so-called "savings clause," a prisoner may file a § 2241 petition if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

shall not be entertained it if appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, — F.3d —, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 2979)). Although the Eleventh Circuit has not fully defined the scope of the § 2255(e) savings clause, that court has held that a § 2241 habeas petition may not be used to avoid the restrictions on second or successive § 2255 motions when a prisoner failed to raise the claim at an earlier stage. *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999); *Darby*, 405 F.3d at 945 ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.")

Here, petitioner filed an unsuccessful § 2255 motion prior to filing the § 2241 petition at issue here. Although captioned as a § 2241 petition, petitioner seeks to challenge the validity of his convictions and sentences, not the execution of his sentences. Petitioner's application is therefore properly characterized as a § 2255 motion. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). Petitioner asserts that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, because § 2255 contains procedural limitations that § 2241 does not, namely: (1) "the 'movant' [in a § 2255 proceeding] must be the one to 'show cause' and also to show

'cause and prejudice,' [w]here in a § 2241 petition the Petitioner only must state his claim and the respondent is then ordered or required to 'show cause why the Writ of habeas corpus should not be granted'", (doc. 1, Ex. A, pp. 1-2); (2) a certificate of appealability is required to appeal the denial of relief under § 2255, but a certificate of appealability is not required to appeal the denial of habeas corpus relief under § 2241, (doc. 1, Ex. A, pp. 2-3, 5); (3) a statute of limitations applies to motions filed under § 2255, but no time limitation applies to habeas corpus petitions filed under § 2241, (doc. 1, Ex .A, p. 3); (4) there is a limitation on filing second or successive motions under § 2255, but there is no limitation on filing second or successive habeas corpus petitions under § 2241, (doc. 1, Ex. A, pp. 3-4) and (5) § 2255 does not require the court to hold an evidentiary hearing, whereas § 2241 requires the court to "proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments'" (doc. 1, Ex. A, pp. 6-7). The existence of procedural limitations in § 2255 is not a basis to find that the § 2255 remedy is "inadequate or ineffective" to test the legality of petitioner's detention for purposes of the savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). Petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, and should not be permitted to bring his claims by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That, construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, petitioner's motion (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive § 2255 motion.

2. That, construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), the petition be DISMISSED WITH PREJUDICE, as petitioner has

not demonstrated entitlement to proceed under that section.

      3.  That the Clerk be directed to close the file.

      At Pensacola, Florida, this 19thday of March, 2013.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).